(October 15, 1987)

■ In the Matter of STEPHEN R. KIHL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.—In this proceeding to discipline an attorney upon charges of professional misconduct, respondent has submitted an affidavit tendering his resignation dated May 12, 1987.

The respondent was admitted to the practice of law by this court on March 15, 1961. By a prior order of this court dated October 1, 1984 [103 AD2d 393], the respondent was suspended from the practice of law for a period of one year effective November 1, 1984. By a further order of this court dated October 31, 1984 the effective date of said suspension was

changed to December 1, 1984. Respondent acknowledges in his affidavit that he is the subject of an investigation by the Grievance Committee and that certain allegations of misconduct are pending against him.

The misconduct alleged to have been committed by the respondent includes: offering a false instrument for filing; improperly permitting another to use his name as attorney of record; representing clients with adverse and conflicting interests; participating in an insurance fraud; settling a claim based on a fraudulent medical report; failing to report to the appropriate authorities the unprivileged knowledge that, among other things, attorneys with whom he was associated represented clients with adverse interests, filed false retainer and closing statements with the Office of Court Administration and submitted fraudulent claims to insurance carriers; and having been convicted of a "serious crime" as defined in section 90 (4) (d) of the Judiciary Law, in that, on June 27, 1986 respondent pleaded guilty to four counts of violation of Penal Law § 175.30 (offering a false instrument for filing in the second degree, a class A misdemeanor).

The respondent states that his resignation is freely and voluntarily rendered; that he is not being subjected to coercion or duress; and that he is fully aware of the implications of submitting his resignation. Respondent further acknowledges that if charges were predicated upon the misconduct outlined above, he could not successfully defend himself on the merits against such charges.

Under the circumstances herein, the respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that respondent be disbarred and that his name be stricken from the roll of attorneys and counselors-at-law effective forthwith. Respondent's request to have his resignation accepted retroactively to the original date of his suspension is denied. Mollen, P. J., Mangano, Thompson, Brown and Niehoff, JJ., concur.